J. P. KING for defendants.

————◦◉◦————

IN RICHMOND SUPERIOR COURT, JULY, 1832.

MARINE AND FIRE INSURANCE BANK of the State of Georgia vs. WILLIAM MEGAR, Administrator of DAVID CLARKE.

## Motion for New Trial.

THIS is an action of assumpsit for money had and received by defendant to plaintiffs' use. The facts in proof upon the trial were, that in the months of January and February, eighteen hundred and ——, Henry Young and William Baldwin kept in Augusta, a gaming room and faro table, at which they played; that Alexander Main, who was the plaintiffs' agent, lost at that table more than a thousand dollars of their money which was won and received by Young and Baldwin; that Clarke the intestate, was interested in the bank, though he was not present, and did not partake in the games at which plaintiff's money was won; and the three, Young, Baldwin and Clarke, were partners in the room and table. There was no other evidence that Clarke ever received any of the plaintiffs' money, than the presumption arising out of the partnership, and his interest in the Bank.

A verdict was rendered for the defendant, and the plaintiffs move for a new trial on the ground,

1. That the verdict was against law and evidence in as much as it was distinctly put in proof, that the defendants intestate was interested as a partner in the game at which the plaintiffs' money was won and unlawfully received.

2. That the court erred in charging the jury that the proof above referred to, would not entitle the plaintiffs to a verdict; but that it was necessary to prove that the intestate actually received the money in question.

*Per Curiam.* The whole case depends upon the last ground; for if the court erred in its instruction to the jury, a new trial should be granted, as the verdict was no doubt the result of that instruction. But if the instruction were correct, the testimony would well warrant the verdict, and it should stand.

Assumpsit for money had and received is an equitable action, adopted to enforce an implied promise to pay money which cannot of right and in good conscience be withheld; and before the action can be maintained, it is necessary for

*In an action against an administrator for money had and received by his intestate, (which money was won at cards) it was held necessary to prove that the intestate actually received the money in question; and the proof that he was in partnership with others who gambled, won, and received it, was held insufficient.*

*The courts will not recognize a copartnership in crime.*

RICHMOND,
July, 1832.

BANK of
GEORGIA
*v.*
Administrator
of CLARKE.

the plaintiff to show by sufficient proof that the *money* demanded is *his*, and that it was *actually received* by the defendant.

The principles upon which this case turns, are those recognized in Clarke *v.* Shee and Johnson, Cow. 197. 1 Selw. 80. that where one person fraudulently and in bad faith, receives the property or money of another, he shall not be permitted to retain it. About the authority of this case or the soundness of its principles there can be no doubt; and the only question is whether the facts of the present case, bring it within those principles. By the code of 1817, gaming was prohibited under severe penalties. Money won and received at faro was therefore received *mala fide*, and the plaintiffs in this case being free from fault, may recover back their money obtained fraudulently, and in violation of law, from their agents. They must however prove by sufficient evidence, that the money lost and won was actually theirs; and that the defendant received it.

The first part of the proof, that is, the property in the money and its identity was made by a competent witness, the agent himself, who had been released. But there was no proof that the defendant ever received it. On the contrary it was proven to have been received by Young and Baldwin his alleged copartners. This gave rise to the question whether Clarke could be made to repay money received by others, his alleged copartners in an illegal transaction. Upon this point the jury were instructed that he could not. For though the court may not always require positive proof of the receipt of money in this action; yet if reliance be had upon presumptions, they must be such as are in accordance with, and not violative of law. An implied contract cannot be established by proof of a crime. The court still adheres to that opinion which rests upon the legal maxim, *ex maleficio non oritur contraclus*. No contract is valid, the consideration of which is crime; nor can a copartnership in crime or for its commission, exist. Those who form such connexion are accomplices, not partners. Had Clarke been present partaking in the game, and had he received any of the money won, that might have laid the foundation for the presumption, but in the absence of that proof the presumption cannot arise, as there is nothing to support it, but the supposed copartnership, which could neither confer on one a right to demand, nor on the other an obligation to pay. And in the absence of all proof neither the court nor the jury could sustain the cause by a presumption that Young and Baldwin had done that which they were not bound to do by any rule of law.

The court, believing the verdict to be correct according to the evidence and the law of the case, and that the jury were properly instructed, refuses the motion.

W. T. GOULD, for plaintiffs.

J. P. KING, for defendant,